810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alynn RONE, Anna Kisel, Eugene Henkel, Paul W. Parsons,
Individually and on behalf of others similarly
situated, Plaintiffs,
United States of America, Plaintiff-Intervenor,
Morris Nickell, Proposed-Intervenor-Appellant,
v.
Barry I. FIREMAN, Superintendent, Hawthornden State
Hospital; James A. Rhodes, Governor of the State of Ohio;
Timothy B. Moritz, Director, Ohio Dept. of Mental Health and
Mental Retardation; Gordon Ogram, Commissioner, Division of
Mental Retardation & Developmental Disabilities; John
Ackerman, Director, Ohio Department of Public Welfare; June
G. Hopps; Milton H. Klein; Donald W. Kinker; Carl A.
Nunziato; Albert W. VanFossen; Robert E. Walden and Denver
White, Services Commission of the State of Ohio, Defendants-Appellees.
 No. 85-3963.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1986.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The appellant, Morris Nickell, appeals from the district court's order denying his motion to show cause which was also construed by the district court as a motion to intervene in a class action lawsuit.
 
 
 2
 Appellant contends that the district court erred in denying his allegedly timely motion to show cause and to intervene because the attorneys representing the class were not adequately representing his interest.
 
 
 3
 This cause was filed in 1975 as a class action by several residents at Hawthornden State Hospital, a state institution for the long-term mentally ill. The attorneys for the named plaintiffs and the proposed class of residents at Hawthornden were Franklin Hickman and Carolyn Carter of the Cleveland Legal Aid Society. Subsequent to the filing of the complaint, Hawthornden State Hospital has been renamed Western Reserve Psychiatric Habilitation Center (hereinafter Center). Basically, plaintiffs complained of conditions at the Center and sought declaratory and injunctive relief. On March 9, 1976, the district court certified the cause as a class action. Since that date, Attorneys Hickman and Carter have represented the class throughout the proceedings.
 
 
 4
 On June 18, 1979, after a lengthy trial, the district court issued an order granting a portion of the injunctive relief sought by the class plaintiffs. The forty page order is reported at 473 F.Supp. 92 (N.D.Ohio 1979). The judgment, in part, directs defendants to comply with state laws governing the rights of mentally ill residents at state institutions.
 
 
 5
 After the judgment was issued, defendants took the necessary actions to comply with the court order. That compliance appears to continue and the improvement of conditions at the Center is attested to by the recent accreditation of the institution by the Joint Commission of Accredited Hospitals (JCAH). After inspecting the institution, JCAH determined that the Center met the standards for eligibility for federal monies.
 
 
 6
 Subsequent to the trial, the class attorneys monitored conditions at the Center to verify compliance with the court's order. A post-trial hearing involving the forensic building was commenced by the class attorneys. The record indicates that the class attorneys have been routinely provided with certain reports by the Center pursuant to the court's order. Also, the class attorneys have access to the Center to ensure compliance with the order.
 
 
 7
 At the time appellees were served with appellant's motion to show cause, the class attorneys had retained two experts, Dr. Donald Rochon and Dr. Robert W. Alcorn, to review conditions at the Center and evaluate compliance with the court order. This compliance review by experts who were retained by plaintiffs and who are not affiliated with the State, was arranged several months prior to the instant litigation. The inspection by plaintiffs experts was undertaken with the cooperation of the state defendants who have accorded plaintiffs' experts access to employees, documents, and facilities at the Center. Though questioning the need for any review on the grounds that the judgment is being followed, the record indicates that defendants have cooperated with plaintiffs' experts in their review of conditions at the Center.
 
 
 8
 Morris Nickell, the appellant at bar, has been a resident at the Center since January of 1976. He was not designated by the court as a representative of the class of residents at the Center. However, appellant is clearly protected by the district court's 1979 decision in this case, Rone v. Fireman, 473 F.Supp. 92.
 
 
 9
 In 1982, Hugh Nickell, appellant's father, filed two pro se complaints against the superintendent and employees of the Center. The first complaint alleged that the superintendent interfered with Hugh Nickell's right to visit his son, Morris Nickell, the appellant, a patient at the Center; that appellant was wrongfully drugged and locked up; and that the Center had retaliated against the Nickells for their complaints. This complaint asked the federal court to remove the superintendent, supervise the institution, and appoint an investigatory committee.
 
 
 10
 In the second complaint, Hugh Nickell sued the superintendent, a doctor, and three staff people, making the same allegations and also charging that the Center supplied patients with inadequate clothing. This complaint likewise sought removal of the staff and an investigation. In addition, Hugh Nickell asked for $2.5 million in damages.
 
 
 11
 The district court dismissed both of these complaints on March 25, 1983. Hugh Nickell appealed. On July 24, 1984, this court affirmed the dismissal as to Hugh Nickell but held that Morris Nickell might have a cause of action for maltreatment or retaliation. This court remanded the case and instructed the district court to determine whether counsel should be appointed for Morris Nickell.
 
 
 12
 On December 7, 1984, Judge George White appointed appellant's present counsel, Russell R. Kirtz, to review the allegations in the pro se complaint. The court instructed Mr. Kirtz either to file a complaint within thirty days, or, if he felt that a complaint would be entirely frivolous as a matter of law or fact, to file instead a report detailing his efforts and the grounds for his conclusions.
 
 
 13
 No report or complaint was ever filed. On April 4, 1985, the district court granted Mr. Kirtz thirty days to file a report or lawsuit. On August 2, 1985, no report or complaint having been filed, the court dismissed both suits, noting that Morris Nickell had filed a motion to show cause in Rone v. Fireman. No appeal was filed from the dismissal entries.
 
 
 14
 On May 3, 1985, appellant filed a motion to show cause in Rone v. Fireman. This motion to show cause abandoned the allegations of the original pro se complaints as well as their damage claims. Instead, it alleged that appellant's environment at the Center was unsafe and inhumane because of the large number of major incidents hospital wide, because of alleged drug and alcohol abuse on his unit, and because his unit housed violent patients. The motion also alleged that the staffing levels on his unit (Cottage 22) had fallen below the court ordered ratios, and that the staff on his cottage was not provided in-service training, all allegedly in violation of the court's order in Rone. Appellant also alleges that there is significant drug trafficking at the Center.
 
 
 15
 Defendants moved to dismiss appellant's motion on May 16, 1985. They argued that he lacked standing. They also argued that, even if he had moved to intervene, such a motion should be denied because it was not timely and because the class was already adequately represented.
 
 
 16
 On October 28, 1985, the trial court denied appellant's motion to show cause. The court treated the motion as a motion to intervene and held that Mr. Nickell was already adequately represented by class counsel in the enforcement of the decree.
 
 
 17
 The district court correctly decided to deny appellant's motion to show cause, which has also been construed as a motion to intervene. This court, upon review of the record, finds that the current representatives have exerted due diligence in meeting the demands of the 1979 permanent injunction and insuring the protection of individual class members which includes the appellant. It appears that the conditions of which appellant complains have been and will continue to be addressed.
 
 
 18
 Therefore, the district court appropriately exercised its discretion in denying appellant's motion to intervene. Thus, this court cannot overrule the district court's decision. McFadden v. Lucas, 712 F.2d 143 (5th Cir.1983), cert. denied, 104 S.Ct. 499 (1983).
 
 
 19
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3).